UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-1639-RAO Date: November 2, 2026
Title: Josue Sierra Navarrete v. Todd Blanche et al.

---

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Petitioner Josue Sierra Navarette, now represented by counsel, is a citizen of El Salvador currently in immigration custody within this District. Initially proceeding *pro se*, Petitioner initiated this action on April 3, 2026, by filing a petition for writ of habeas corpus. Dkt. No. 1. He also filed a motion for temporary restraining order, which was denied because the petition lacked sufficient information to evaluate the merits of the motion. *See* Dkt. Nos. 2, 5. Petitioner filed another petition thereafter, but the operative petition is the petition filed on August 17, 2026, by appointed counsel. *See* Dkt. No. 21 ("Pet.").

Respondents filed their Response on August 21, 2026. Dkt. No. 24. Petitioner filed his Reply on August 31, 2026. Dkt. No. 25.

## II. FACTUAL BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States on or about 2000 without inspection, fleeing extreme violence against him and his family. Petitioner applied for, and received, temporary protected status (TPS) in March 2001. In approximately May 2004, Petitioner was unable to afford the cost to renew his TPS and his TPS lapsed. Petitioner continued to live in this country, working and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-1639-RAO Date: November 2, 2026
Title: Josue Sierra Navarrete v. Todd Blanche et al.

supporting his family, attending church, and maintaining close relationships with his family and community. On December 19, 2025, immigration authorities arrested Petitioner outside a Home Depot and moved him to Adelanto ICE Processing Center. Immigration agents did not show Petitioner an administrative warrant for his arrest. Since his detention, Petitioner has applied for asylum, withholding of removal, and protections under the Convention Against Torture based on his past persecution and fear of future persecution in El Salvador. On June 25, 2026, Petitioner had a bond hearing before an immigration judge. The immigration judge found Petitioner to be a flight risk and denied bond.

## III. PARTIES' ARGUMENTS

The Petition raises three claims – Petitioner's warrantless arrest violates 8 U.S.C. § 1226(a) and his detention violates his procedural and substantive due process rights. *See* Pet. at 22-24. Respondents contend that, because Petitioner has not been detained previously, he lacks a heightened liberty interest that entitles him to pre-detention notice and process. Dkt. No. 24 at 3. Respondents also argue that his due process claim fails because Petitioner was given a bond hearing and was determined to be a flight risk. *Id.* Lastly, Respondents maintain that Petitioner has failed to demonstrate why administrative exhaustion through appeal to the Board of Immigration Appeals should be excused. *Id.*

## IV. DISCUSSION

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

The Court grants the Petition as to Petitioner's claim that his warrantless arrest violates the Immigration and Nationality Act (INA). The following two facts

are undisputed – Petitioner was arrested without a warrant and Respondents did not issue a Notice to Appear (NTA) until January 3, 2026, 16 days after Petitioner's arrest on December 19, 2026. Even assuming *arguendo* that the warrantless arrest exception applied here, Respondents were required to act without "unnecessary delay" in issuing, *inter alia*, an NTA. *Trevor J.M. v. Warden of California City Detention Facility*, 2026 WL 2410039, at *3 (E.D. Cal. Aug. 18, 2026) ("The government was required to act without 'unnecessary delay' and, within 48 hours of arrest, to provide an initial custody determination, warrant, and notice to appear.") (citing 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.3(c)); *see also Marin v. Noem*, 2025 WL 3158094, at *3-4 (C.D. Cal. Oct. 4, 2025) (finding prolonged detention of hospitalized petitioner of more than 37 days during which Respondents failed to provide him with formal notice of the reasons for his detention cannot be justified as a "reasonable period of time" under 8 C.F.R. § 287.3 and ordering petitioner's release). Given the substantial delay in the issuance of the NTA, the Court is not inclined to find the subsequent bond hearing as an adequate cure of the government's statutory violations. As other courts have observed, the requirements of the administrative warrant or, in the absence of a warrant, of unnecessary delay in the provision of the initial custody determination and the NTA, are intended to serve as important guardrails against unjustified detention. *See Trevor J.M.*, 2026 WL 2410039, at *3 (collecting cases). Those guardrails were not ignored here.

Courts have a fair degree of flexibility in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). In this case, because of the more than two-week delay, after a warrantless arrest, in providing Petitioner with any information regarding the basis for his detention, the Court concludes that release is the appropriate remedy.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS the Petition for a Writ of Habeas Corpus as to Petitioner's INA claim. Accordingly, it is hereby ORDERED that Respondents shall immediately release Petitioner (A#943-093-335) from immigration

custody. Respondents are enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

It is further ORDERED that Respondents shall file a notice of compliance within two days of this Order stating that Petitioner has been released from custody.

**IT IS SO ORDERED.**